JUDGE ROBERTSON
delivered the opinion op the court:
Although the appellee claimed, in both his original and amended petitions, the value, at Nashville, on the 9th of August, 1862, of ten bales of cotton delivered to the appellant’s agent, to be carried on that day from Pulaski to that place for a price then paid, when he must be presumed to have known that he had lost only seven bales, yet the fact of such partial injustice in his claim cannot essentially affect his legal right to recover for so much of his cotton as was lost by the appellant’s delinquency.
No special contract qualifying the implied liability of the appellant as a common carrier has been sufficiently established; nor does it appear that the performance of his contract was prevented by any act of God or a public enemy, or even by the military intervention of the army of the United States then occupying the country from Pulaski to Nashville. It even appears, that, about that time, and for at least twenty days succeeding, that army and citizens also transported large quantities of cotton to Nashville, not only from Pulaski, but from Huntsville and intermediate points; and we are allowed to infer, from all the facts exhibited in the record, that the inattention of the appellant’s agents was the only probable cause of the failure to carry the appellee’s cotton, and the certain cause of the failure to show what became of seven bales of it.
Therefore, the Chancellor did not err in adjudging that the appellant is liable for the cotton not accounted for; nor do we feel authorized to reverse the judgment for imputed error in the amount adjudged — that is, $1,580— to which the Express Company objects as excessive, and the owaer, by cross-appeal, as not enough.
According to the proof, the bales contained about five hundred pounds each, and the market price at Nashville *34 was about forty-five cents a pound, on and about the 9th of August, 1862. This is apparently the nearest approximation the judicial mind can make to the exact truth.
The assessment of interest was a matter of judicial discretion, which does not appear to have been abused by the judgment as rendered.
Wherefore, the judgment is affirmed, both on the original and the cross-appeal.